Li v. Holder

BIA
Hom, IJ
A088 294 475/476

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of October, two thousand fourteen.

PRESENT:
>           Dennis Jacobs,
>           Denny Chin,
>           Christopher F. Droney,
>                   *Circuit Judges.*

_____

LANZHI LI, JINGJIAN RAN,

>       *Petitioners,*

>       v.                                13-57
>                                         NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

>       *Respondent.*

_____

FOR PETITIONERS:        Lanzhi Li, Jingjian Ran, *Pro Se*, San Gabriel, CA.

**FOR RESPONDENT:** Stuart F. Delery, Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Jessica E. Sherman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Lanzhi Li and Jingjian Ran ("Petitioners"), wife and husband, natives and citizens of the People's Republic of China, seek review of a December 10, 2012, decision of the BIA affirming the June 21, 2011, decision of Immigration Judge ("IJ") Sandy K. Hom, which denied Lanzhi Li's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lanzhi Li, Jingjian Ran*, Nos. A088 294 475/476 (B.I.A. Dec. 10, 2012), *aff'g* Nos. A088 294 475/476 (Immig. Ct. N.Y. City June 21, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam). The applicable standards of review are well-established. *See* 8 U.S.C.

2

§ 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

To establish eligibility for asylum or withholding of removal, an applicant must show persecution, or fear of persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. §§ 1101(a)(42); 1231(b)(3). Li argues that she was persecuted because of her expression of her political opinion in opposing corruption.

"Although opposing corruption for purely self-interested reasons may lack a political motivation, 'opposition to endemic corruption . . . may have a political dimension when it transcends mere self-protection and represents a challenge to the legitimacy or authority of the ruling regime.'" *Castro v. Holder*, 597 F.3d 93, 100-01 (2d Cir. 2010) (quoting *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 547-48 (2d Cir. 2005)(alteration in original)). "Where the dispute is such that the asylum seeker did not merely seek economic advantage but mounted a challenge to the legitimacy and authority of the ruling regime itself," and shows that the political challenge was one central reason that she was persecuted, the persecution may then be on account of the

3

applicant's anti-corruption political opinion. *Yueqing Zhang*, 426 F.3d at 547; *Castro*, 597 F.3d at 104.

Substantial evidence supports the agency's conclusion that the Chinese government did not retaliate against Li because of her political opinion. *See* 8 U.S.C. § 1252(b)(4)(B); *Jorge-Tzoc v. Gonzales*, 435 F.3d 146, 148-49 (2d Cir. 2006) (per curiam) (the agency's finding regarding past persecution on account of protected ground is reviewed under substantial evidence standard). In 1998, the government destroyed Li's home and her business, a store on the ground of the building in which she lived, as well as the homes of about 30 families living on the same street. Despite a promise to compensate those who lost their homes, the local housing bureau did not do so, and when Li organized a protest, she was detained and beaten. Although she continued to write letters to protest not being compensated, she suffered no further harm before she left China in 2007.

The agency found that Li was motivated by her desire to be compensated, rather than to expose and protest corruption. The fact that the government acted against her only when she and fellow protesters refused to disperse, not

4

when she opposed corruption in other ways, supports the agency's conclusion that the government was not targeting Li based on her political opinion.  *See Castro*, 597 F.3d at 101; *Yueqing Zhang*, 597 F.3d at 548.  Accordingly, the agency reasonably concluded that Li did not meet her burden of showing that the government retaliated against her due to her opposition to corruption.  *See Castro*, 597 F.3d at 101.

Because Li did not demonstrate that she was harmed on account of a protected ground, the agency did not err in denying her application for asylum and withholding of removal.  *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(ii), 1231(b)(3); 8 C.F.R. § 1208.16(b)(1); *Kone v. Holder*, 596 F.3d 141, 152 (2d Cir. 2010).  Moreover, because the nexus finding is dispositive, we do not address the agency's alternate ruling that Li did not show that the harm she endured rose to the level of persecution.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.  Any pending request for oral argument is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk